**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAYMOND MACKLIN,

        Plaintiff,

        v.

MERCER CTY. SUPERIOR
COURTHOUSE, et al.,

        Defendants.

Civil Action No. 10-5591 (MLC)

**O P I N I O N**

**COOPER, District Judge**

    Plaintiff, Raymond Macklin, confined at the Mercer County Correction Center, submitted this civil complaint alleging violations of constitutional rights, and seeking damages pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis.  The Court will grant the request based on Plaintiff's affidavit of indigence.[1]

    The Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

---

[1] Plaintiff's case was previously administratively terminated for failure to submit a complete in forma pauperis application.  The case was reopened when Plaintiff provided the appropriate documentation.  Then, on June 20, 2011, Plaintiff asked the Court to "set aside" the complaint to pursue a matter in state court.  This Court administratively terminated the case on October 13, 2011.  On February 29, 2012, after Plaintiff sent a letter to the Court asking to have his case reopened, the Court ordered the Clerk's office to reopen the matter.

relief, pursuant to 28 U.S.C. § 1915(e)(2).  For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the Mercer County Superior Courthouse and the Mercer County Sheriff's Department ("County Defendants").  Plaintiff states:

> I was in court on July 26, 2010 when I was leaving the courtroom (E)[,] as I walked to the staircase the shackles around my ankles were to [sic] tight and I was handcuffed to three other inmates at the time[.]  I fell down the stairs and broken [sic] my pinky finger, cracked my skull and also need surgery on my pinky finger.

(Compl. at ¶ 6).  Plaintiff asks for monetary relief.

## DISCUSSION

**A. Legal Standard**

   **1. Standards for Sua Sponte Dismissal**

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal).

Iqbal emphasizes that a plaintiff must demonstrate that the allegations of a complaint are plausible.  See 556 U.S. at 677-79; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi,

696 F.3d 352, 365 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

    2.    **Section 1983 Actions**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B.    Complaint Must Be Dismissed**

The Court notes that Plaintiff does not name any of the officers involved in the alleged incident as defendants. Rather, he names only the County Defendants. A local government entity may be subject to suit under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). But "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under

4

§ 1983." Id. at 694. To state a § 1983 claim against a county, the complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009), and specify facts showing a direct causal link between a governmental policy or custom and the alleged constitutional deprivation. See Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Because Plaintiff does not allege facts showing that a specific policy of the County Defendants contributed to his injury, the complaint fails to state a claim under § 1983.[2]

The complaint also asserts no constitutional wrongs, but rather negligence. The Constitution does not guarantee due care on the part of government officials. County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). In a due process challenge, the threshold question is whether the behavior of the government officer "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 847 n.8; see Daniels v. Williams, 474 U.S. 327 (1986) (claim arising out of a

---

[2] Plaintiff should also note that civil rights liability cannot be predicated solely on the doctrine of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement in the alleged wrong-doing must be shown. Id. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," which must be made with appropriate particularity. Id.; see Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006).

5

fall from pillow left on prison stairs is a claim of negligence, not actionable under the Due Process Clause of the Fourteenth Amendment); DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 202 (1989) ("Due Process Clause of the Fourteenth Amendment, ... as we have said many times, does not transform every tort committed by a state actor into a constitutional violation") (citations omitted); Sanford v. Stiles, 456 F.3d 298, 305 (3d Cir. 2006).

When judged against this higher standard, the facts alleged here do not rise to such a level of indifference as to constitute gross negligence.  Plaintiff does not allege that he told any of the officers involved in the incident that the shackles were too tight, or that he was having trouble moving.  Even if Plaintiff specifically alleged that the officers involved in the incident did not properly utilize the shackles, these facts, if true, demonstrate only negligence.  But "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process," Lewis, 523 U.S. at 848, and "merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent". Burton v. Kindle, 401 Fed.Appx. 635, 637 (3d Cir. 2010) (citing Lewis, 523 U.S. at 849).[3]

---

[3] The Court also notes that shackling has been consistently approved as a security practice.  See, e.g., Keenan v. Hall, 83 F.3d 1083 (9th Cir. 1996), as amended on denial of rehearing, 135

**CONCLUSION**

For the reasons set forth above, the complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Plaintiff is advised that he may move to reopen this case to file an amended complaint if he can cure the deficiencies outlined in this opinion.[4]

The Court will issue an appropriate order and judgment.

              s/ Mary L. Cooper
              **MARY L. COOPER**
              United States District Judge

Dated:   November 29, 2012

---

F.3d 1318 (9th Cir. 1998) ("prison authorities may place a dangerous inmate in shackles and handcuffs when they move him from his cell") (citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (approving practice of putting prisoner in restraints, for protection of guards and other prisoners, even if it exposes prisoner to risk of injury in slippery shower)); Strick v. Pitts, 2011 WL 4074756 (W.D. Wash. Sept. 12, 2011) (approving practice of handcuffing while transporting prisoner placed in mental health unit); Grady v. Holmes, 2007 WL 2507395 (E.D. Ga. Aug. 30, 2007) (approving practice of shackling and cuffing solitary prisoner during recreation time).

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. See Wellness Cmty.-Nat'l v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. See id.